# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>JOSHUA DAVIS,<br><br>　　　　Debtor.<br><br>LAW OFFICES OF ARNOLD H. LANDIS, P.C.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOSHUA DAVIS,<br><br>　　　　Defendant. | Chapter 7<br><br>Case No.: 20B-00032<br><br><br><br>Adversary No. |

## COMPLAINT TO DETERMINE DISCHARGEABILITY

NOW COMES Plaintiff, LAW OFFICES OF ARNOLD H. LANDIS, P.C., and for its Complaint against Defendant, JOSHUA DAVIS filed pursuant to 11 U.S.C. §523, states as follows:

　　1.　　The Bankruptcy Court for the Northern District of Illinois has jurisdiction in the above-captioned matter in that Defendant filed a Petition for Relief under Chapter 7 of the U.S. Bankruptcy Code in Case No. 10-24706 with said Bankruptcy Court.

　　2.　　The above-captioned matter is a "core" proceeding, pursuant to 28 U.S.C. §157.

　　3.　　Plaintiff is an unsecured creditor of Defendant.

　　4.　　Plaintiff is a law firm with offices in Chicago, Cook County, Illinois.

1

5.  In consideration for legal services rendered, Defendant agreed to pay Plaintiff its regular hourly rates for attorney and paralegal services, as well as to reimburse Plaintiff for all costs and expenses advanced on his behalf.

6.  Pursuant to their agreement, Plaintiff performed legal services for Defendant in several cases pending in the Circuit Court of Cook County, Illinois, namely Wells Fargo v. Davis, Case No. 15 CH 8989; and Atherton v. Davis, Case No. 18 M2 4611; and Joshua Davis v. Wells Fargo, Case No. 18 CH 1620.

7.  Plaintiff prepared pleadings, appeared in court and routinely corresponded with Defendant and opposing counsels.

8.  Plaintiff's representation of Defendant culminated, inter alia, with a consent foreclosure with no personal deficiency.  Plaintiff filed a lawsuit on Defendant's behalf against Wells Fargo to help achieve this result.

9.  Plaintiff represented Defendant in a suit brought by his condominium association for non-payment of condo assessments.

10.  Plaintiff submitted invoices to Defendant detailing the work performed and amount(s) due.

11.  The above-described legal services rendered by Plaintiff to Defendant were reasonable, necessary and rendered to and for the benefit of Defendant, at his request and were agreed upon.

12.  The hourly rates charged by Plaintiff's attorneys were reasonable and consistent with the general hourly rates charged in Cook County, Illinois.

13.  During the course of Plaintiff's representation of Defendant, Defendant accumulated a large amount of unpaid attorney's fees.

14. Several times, by phone and in person, Defendant promised Arnold H. Landis and an attorney and close friend, Dick Adler, that he would pay all of Plaintiff's fees. Defendant knew that Dick Adler would assure Plaintiff of payment. Dick Adler knew Defendant for many years. Also, Defendant assured Plaintiff that Defendant's father would pay Plaintiff's bills if necessary.

15. In reliance on Defendant's promises, Plaintiff continued to provide legal services to him.

16. Defendant made the statements set forth in paragraph 14, above, with an intent to obtain Plaintiff's legal services under false pretenses and/or by false representations and with an intent to defraud.

17. Defendant knew that his statements that he would pay Plaintiff's fees in full were false in that he had no intention of paying Plaintiff and he did not do so.

18. In reliance on Defendant's statements and promises to pay Plaintiff's bills in full, Plaintiff continued to provide legal services to him.

19. But for Defendant's statements, assurances, representations and promises to pay, Plaintiff would not have continued to provide legal services to him.

20. Plaintiff reasonably relied on the statements made by Defendant and Plaintiff would not have continued to provide legal services to Defendant were it not for Defendant's misrepresentations.

21. Plaintiff represented Defendant from 2013 through 2019.

22. Defendant made payments to Plaintiff on the following dates, in the following amounts: 7/31/17 - $1,000, 12/12/17 - $200, 12/21/17 - $200, 4/13/18 - $200, 4/26/18 - $200, 9/26/18 - $200 and 1/22/19 - $1,000.

23. That after all just set offs, payments and credits, the amount still due and owing Plaintiff from the Defendant is $22,997.52, which the Defendant has wrongfully refused to pay, although requested to do so.

24. As set forth above, the debt owed by Defendant to Plaintiff, the legal services provided to Defendant by Plaintiff were obtained under false pretenses and/or by false representations and with an intent to defraud such that the debt should be declared nondischargeable under 11 U.S.C. §523(a)(2)(A).

WHEREFORE, for the foregoing reasons, pursuant to §523(a)(2)(A) of the U.S. Bankruptcy Code, Plaintiff prays that the Court determine that the debt owed by Defendant as set forth herein is nondischargeable, enter a judgment in favor of Plaintiff for all amounts due Plaintiff, award Plaintiff its attorneys' fees and costs for this matter, and grant such other relief as the Court deems just and reasonable.

LAW OFFICES OF ARNOLS H. LANDIS, P.C.

By:  __s/ Arnold H. Landis _____
     Arnold H. Landis, its attorney

LAW OFFICES OF ARNOLD H. LANDIS
77 W. Washington St., Suite 702
Chicago, IL 60602
Firm No. 24702
Phone: 312-236-6268