# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| In Re: JOUSHA A. DAVIS ) | | Bankruptcy Case No. 20-00032 |
| ) | | |
| ) | | |
| LAW OFFICES OF ARNOLD H. LANDIS, P.C., ) | | Chapter 7 |
|     Plaintiff, ) | | |
|   vs. ) | | |
| ) | | Adversary No: 20-AP-00147 |
| JOSHUA A. DAVIS, ) | | |
|     Defendant. ) | | Hon. Judge Doyle |

## NOTICE OF MOTION

**The following party(s) have been served via first-class U.S. mail:**
Joshua Davis, 854 Ridge Ave. Apt. 1, Evanston, IL 60202
Clerk, U.S. Bankruptcy Court, Northern District of Illinois, 219 S. Dearborn, Chicago, IL 60604
Arnold H. Landis, Law Offices of Arnold H. Landis, P.C., 77 W. Washington St. Suite 702, Chicago, IL 60602

Please take notice that I shall appear before the following named Bankruptcy Judge, or any other Judge presiding in his or her stead at 219 S. Dearborn Street, Chicago, IL 60604, and in the following courtroom (or any other place posted), and present the attached **Motion to Dismiss Adversary Proceeding,** at which time and place you may appear.

    JUDGE:    DOYLE
    ROOM:    742
    DATE:    June 18, 2020
    TIME:    10:00 AM

A party who objects to this motion and wants it called must file a Notice of Objection no later than two (2) business days before the presentment date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion without a hearing before the date of presentment.

## PROOF OF SERVICE

The undersigned certifies that copies of this Notice and attachments were served to the listed persons or entities, if service by mail was indicated above, by depositing same in the U.S. Mail at Wheeling, Illinois 60090, on or before May 13, 2020, at 5:30 p.m., with proper postage prepaid, unless a copy was provided electronically by the Bankruptcy Court.

DATE OF SERVICE: <u>5/13/2020</u>        /s/ Robert C. Bansfield Jr.
                                                  Robert C. Bansfield Jr., A.R.D.C. #6329415
                                                  Attorney for the Defendant

DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL  60090
(847) 520-8100

Case 20-00147    Doc 5    Filed 05/13/20    Entered 05/13/20 11:48:32    Desc Main
Document    Page 2 of 9

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| In Re: JOUSHA A. DAVIS | ) | Bankruptcy Case No. 20-00032 |
| | ) | |
| | ) | |
| LAW OFFICES OF ARNOLD H. LANDIS, P.C., | ) | Chapter 7 |
|     Plaintiff, | ) | |
|   vs. | ) | |
| | ) | Adversary No: 20-AP-00147 |
| JOSHUA A. DAVIS, | ) | |
|     Defendant. | ) | Hon. Judge Doyle |

### MOTION TO DISMISS ADVERSARY PROCEEDING

    NOW COMES the Defendant, JOSHUA A. DAVIS, by and through his attorneys, David M. Siegel & Associates, L.L.C., to present this Motion to Dismiss the Adversary Proceeding, and in support states as follows:

### Introduction

1.    Plaintiff filed this adversary case on April 13, 2020. The complaint seeks to have the debt that Debtor/Defendant owes to Plaintiff declared non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A), claiming that Defendant's debt is excepted from discharge as a debt obtained under false pretenses and/or false representations and. *Plaintiff's Complaint, Paragraph 24*.

2.    Defendant retained Plaintiff to represent him in various court matters. *Plaintiff's Complaint, Paragraph 6*.

3.    Defendant agreed to pay Plaintiff for the services provided to him. Defendant also made promises on different occasions to pay Plaintiff for those services. *Plaintiff's Complaint, Paragraph 14*.

4.    Defendant did repay Plaintiff in the amount of $3,000.00. *Plaintiff's Complaint, Paragraph 22.*

5.     Defendant/debtor filed a petition for relief under Chapter 7 of Title 11 USC on January 2, 2020.  The case number for the petition for relief is 20-00032.

6.     Plaintiff's complaint incorrectly states the Defendant's case number as 10-24706. *Plaintiff's Complaint, Paragraph 1.*

7.     Defendant respectfully requests that this Court dismiss this adversary proceeding.

### Federal Rule of Civil Procedure 12(b)(6)

8.     Under Federal Rule of Civil Procedure 12(b)(6), "… a party may assert the following defenses by motion: … (6) failure to state a claim upon which relief can be granted ..." Fed.R.Civ.P.12(b).

7.     Federal Rule of Civil Procedure 12(b)(6) is made applicable to a bankruptcy adversary proceeding under Federal Rule of Bankruptcy Procedure 7012(b). Fed.R.Bank.P. 7012.

8.     In order for a plaintiff's complaint to survive a Rule 12(b)(6) motion to dismiss the case, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

9.     "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

10.    To establish a claim that is plausible, the plaintiff needs to "include enough details about the subject-matter of the case to present a story that holds together." *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 526 (7th Cir. 2015).

11.    "A motion to dismiss under Rule 12(b) (6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Ebner v. Kaiser* (*In re Kaiser*), 525 B.R. 697,

706 (Bankr.N.D.Ill.2014)(Barnes, J) (citing *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009)).

### Federal Rule of Civil Procedure 9(b)

12. Under Federal Rule of Civil Procedure 9(b), a party alleging fraud or mistake "…must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.9(b).

13. Federal Rule of Civil Procedure 9 is made applicable to bankruptcy matters through Bankruptcy Rule 7009. Fed.R.Bank.P. 7009.

14. Particularity requires the pleading party to plead in detail "the who, what, when, where, and how: the first paragraph of any newspaper story" of a fraudulent action. *DiLeo v. Ernst Young*, 901 F.2d 624, 627 (7th Cir. 1990)

15. "The particularity requirement of Rule 9(b) applies equally to all claims based upon an underlying fraud, including fraud claims under § 523(a)(2)(A)." *Parkway Bank & Trust v. Casali (In re Casali)*, 517 B.R. 835, 841 (Bankr.N.D.Ill. 2014)(Schmetterer, J.) (See *In re Munson*, 10 B 01559, 2010 WL 3768017 (Bankr.N.D.Ill. Sept. 17, 2010) (quoting *In re Lane*, 937 F.2d 694, 698 (1st Cir.1991)).

### 11 U.S.C. 523(a)(2)(A)

16. The Bankruptcy Code states, "[a] discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt — ... (2) for … services…, to the extent obtained by — (A)false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; ..." 11 U.S.C. §523(a)(2)(A).

17. To show that debt should be exempt from discharge based on false representations or false pretenses, the creditor must show: "(1) that [the debtor] made a false representation or omission, which he either knew was false or made with reckless disregard for the truth; (2) that [the debtor] possessed an intent to deceive or defraud; and (3) that [the creditor] justifiably relied on the false representation." *In re Davis*, 638 F.3d 549, 552 (7th Cir. 2011).

18. A false representation is making a promise that one does not intend to keep. But a "failure to honor one's promise is (just) breach of contract," which is dischargeable *Id.* at 554-555 (quoting *United States ex rel. Main v. Oakland City University*, 426 F.3d 914, 917 (7th Cir. 2005)).

19. "Intent to deceive may be determined from the totality of the circumstances of a case and may be inferred when the facts and circumstances present a picture of deceptive conduct on the debtor's part." *In re Logan*, 327 B.R. 907, 911 (Bankr. N.D. Ill. 2005)(Cox, J.) (citing *In re Scott*, 294 B.R. 620, 628, 633 (Bankr. W.D. Pa. 2003) (citing *Gordon v. Bruce* (*In re Bruce*), 262 B.R. 632, 636 (Bankr. W.D. Pa. 2001)); see also *Cohn*, 54 F.3d at 1118-19.

20. When determining whether a creditor has justifiably relied on a false representation, the Court must determine that the creditor did not "… bury his head in the sand and willfully ignore obvious falsehoods." *In re Jairath*, 259 B.R. 308, 315 (Bankr. N.D. Ill. 2001)(Schmetterer, J.) (citing *Zirkel v. Tomlinson* (*In re Tomlinson*), No. 96 A 1539, 1999 WL 294879 at *7 (Bankr.N.D.Ill. May 10, 1999)(Katz, J.)).

## **Argument**

21. Plaintiff's complaint does not meet the required standards and so it should be dismissed.

22. Throughout Plaintiff's complaint, there are just conclusions and recitations of the elements of the cause of action without fact to support those conclusions:

a. in Paragraphs 11 and 12 of the complaint, the Plaintiff states that services and hourly rates were reasonable without describing or stating what those services and rates are;

b. in Paragraph 16, Plaintiff comes to the conclusion that Defendant intended to obtain Plaintiff's services under false representations and/or pretenses without any facts to support that conclusion;

c. in Paragraph 17, Plaintiff concludes that Defendant knew his promises to pay Plaintiff's fees were false and that he had no intention of paying those fees without any facts to support this conclusion. In fact, Paragraph 22 of Plaintiff's complaint goes against that conclusion by admitting that Defendant did in fact pay $3,000.00 to the Plaintiff for the services provided; and

d. throughout the complaint, Plaintiff also recites the elements of the cause of action while giving little to no detailed facts that show a plausible claim on its face.

23. Plaintiff has also failed to meet the pleading requirements required by Rule 9(b). Specifically, Plaintiff has not plead in detail the required "who, what, when, where, and how" facts to support a claim of fraud. In Plaintiff's complaint, the when details are not specified. In Paragraph 14, Plaintiff just gives a vague statement that Defendant promised several times to pay the fees owed to Plaintiff. Also, Plaintiff's complaint does not specify where Defendant made promises to repay Plaintiff's fees.

24. Lastly, Plaintiff has failed to plead sufficient facts to satisfy the elements of a cause of action under 11 U.S.C. 523(a)(2)(A). Plaintiff has not shown that any of the three elements from *In re Davis* have been met:

a. for the first element, Plaintiff's complaint contradicts itself that Defendant made a promise which Defendant knew was false. Furthermore, there are no facts to support that

    Defendant made a promise that was false. This is a simple breach of contact issue, not a fraud issue;

b. for the second element, while it may be hard to determine Defendant's intent by a totality of the circumstances at the pleading stage in a case, Plaintiff's complaint shows that Defendant did not intend to deceive or defraud because Defendant did in fact repay a portion of the fees owed to Plaintiff. Even though Defendant took a couple of years to begin repaying fees, he was going through foreclosure proceedings which show that he was struggling financially. However, he eventually did try to repay the fees owed which shows Defendant did not intend to deceive or defraud; and

c. for the last element, the Plaintiff's complaint shows that the Plaintiff was not justified in relying on Debtor's representations. According to Plaintiff's complaint, Plaintiff represented Defendant from 2013 through 2019 but did not receive payments until 2017. Plaintiff should have ceased representation when Defendant was not meeting his contractual obligations instead of running up a large amount of legal fees for Defendant to repay. Instead, it appears Plaintiff just buried their head in the sand and continued to run up legal fees.

25. Because Plaintiff's complaint does not meet the required standards, Defendant asks the Court to dismiss Plaintiff's adversary proceeding.

    WHEREFORE the Defendant, JOSHUA A. DAVIS, prays that the Court dismiss the Adversary Proceeding, and any other legal or equitable relief that the court deems just and proper

    Respectfully Submitted,

    /s/ Robert C. Bansfield Jr.

                                              Robert C. Bansfield Jr., A.R.D.C. #6329415
                                              Attorney for the Debtor

David M. Siegel & Associates, LLC
790 Chaddick Drive
Wheeling, IL 60090
(847) 520-8100